## JENKINS *v.* THOMPSON.

An action of general *indebitatus assumpsit* will lie to recover money advanced upon a special contract which has been rescinded.

Whether a refusal to perform a contract is in all cases a rescission, at the election of the party seeking his remedy, *quære ?*

ASSUMPSIT, on an account annexed to the writ, on a *quantum meruit* for labor, and a general count for money had and received, money paid, &c.

It appeared that the plaintiff had applied to the defendant to furnish him with a threshing-machine, and the defendant agreed to do so if the plaintiff would send a hand to do a part of the wood-work, and would also furnish a set of wagon wheels.   The defendant further agreed

Jenkins *v.* Thompson.

that if the machine did not do the work which he represented that it would do, he would take it back, and pay the plaintiff what he should advance towards it.

The plaintiff sent a hand, who worked on the machine, and who was paid by an order drawn by the defendant upon the plaintiff. He also furnished the wheels. There was also evidence that the machine was not as good as the defendant represented, and that in an attempt made by the plaintiff to procure a settlement, and in reply to his request to the defendant to take back the machine and repay the advances, the latter said : " I had as lief do it as not, for I can sell my old one, and when the crop is off I will go and get it and fix it up, and Daniel and I can make it work so well, that when you see it you will want it back again." The plaintiff then said, " It must go much better than I ever saw it go yet." The defendant then said, " How much do you ask for your old wheels ?" The plaintiff said, " $25," to which price the defendant objected. The plaintiff then expressed the wish that the defendant would take back the machine, for he wanted to have nothing more to do with it. This conversation was testified to by Jenkins, a witness of the plaintiff.

The defendant objected, that the plaintiff's action could not be maintained, but should have been a special action upon the contract. The court ruled otherwise, and a verdict was returned for the plaintiff, which the defendant moved the court to set aside.

*Ainsworth,* for the defendant.

*Hazelton,* for the plaintiff.

GILCHRIST, J. The parties entered into a special contract that the defendant should construct a machine for the plaintiff which should answer certain purposes, and correspond with the representations which were made

Jenkins *v.* Thompson.

respecting it; and that if the machine did not, upon trial, prove to be as recommended, the plaintiff might return it, and the defendant should pay what the plaintiff should have advanced. The plaintiff made certain advances to the defendant, under this contract, and the question is, whether a state of facts is shown by the evidence that enables the plaintiff to maintain an action of general *indebitatus assumpsit*, to recover back the advances thus made.

In *Stevens* v. *Lyford*, 7 N. H. 360, it was said, "that an action for money had and received will not lie to recover back money which has been paid upon a special contract, so long as that contract remains in force unrescinded." But a breach of a contract amounts sometimes to a rescission, at the election of the party seeking his remedy. *Fuller* v. *Little*, 7 N. H. 435; *Snow* v. *Prescott*, 12 N. H. 535.

But there is evidence in the case from which a jury might well find that the defendant agreed to rescind it. Jenkins testifies, in effect, that the defendant admitted the agreement to have been, that if the machine did not answer the contract, he would receive it again, and pay the plaintiff his advances; that the machine did not answer the requirements of the contract, and that he had as lief take it as not, and would go for it; that he inquired what the plaintiff demanded for the wheels he had furnished, and, on being informed, found fault with the price.

We therefore think that the evidence was sufficient to sustain the verdict, to the extent of the advances made upon the contract, but not to recover other damages that ensued upon the breach of it. If such are embraced in the verdict, they must be remitted, if they are capable of being distinguished and computed; and, upon that being done, there may be

*Judgment on the verdict.*